UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DUNCAN FERGUSON,
    Plaintiff,

    v.                                          CIVIL ACTION NO. 14-14208-GAO

CHERYL TURNER,
    Defendant.

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

On November 14, 2014, Plaintiff Duncan Ferguson ("Ferguson"), a prisoner currently incarcerated at the Old Colony Correctional Center ("OCCC"), filed a Complaint against Cheryl Turner, a resident of Bridgton, Maine. According to Ferguson's Complaint, on April 29, 2014, Turner telephoned OCCC officials and falsely stated that Ferguson initiated unwanted communications with her. Because of this, Ferguson alleges that he was moved from minimum to medium security for mental evaluation. After five days, he was returned to minimum security, but his prison job as senior maintenance technician was given to another inmate in Ferguson's absence. Ferguson contends that Turner again made false statements about Ferguson on June 30, 2014, when Turner filed an application for a protective order from the Portland District Court in Maine. Plaintiff alleges diversity of citizenship as the basis for this court's subject matter jurisdiction over the dispute and seeks $175,000 in compensatory and punitive damages.

Along with the Complaint, Ferguson filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) accompanied by a copy of his prison account statement and a motion for appointment of counsel (Docket No. 3).

## DISCUSSION

I.    The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Ferguson's financial disclosures in his *in forma pauperis* motion and his

prison account statement, this Court will ALLOW his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2). Nevertheless, because Ferguson is a prisoner as defined by 28 U.S.C. § 1915(h), he is obligated to make payments toward the filing fee pursuant to 28 U.S.C. § 1915(b).

In light of this, it is hereby Ordered that:

A.  Plaintiff Ferguson is assessed an initial partial filing fee of $54.92, pursuant to 28 U.S.C. § 1915(b)(1)(A); and

B.  The remainder of the fee $295.08 is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

II. The Complaint is Subject to Screening

Ferguson's Complaint is subject to the provisions of the Prison Litigation Reform Act 1995 ("PLRA"), Title VIII of Pub. L. 104-134, 110 Stat. 1321-1375 (1996). The PLRA contains provisions which grant courts the authority to screen and dismiss prisoner complaints. See 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). *In forma pauperis* complaints may be dismissed *sua sponte* and without notice under § 1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

In conducting a preliminary review, the Court liberally construes the Complaint because Ferguson is proceeding *pro se*. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education,

209 F.3d 18, 23 (1st Cir. 2000).

III.     Discussion

Ferguson brings this suit for defamation, intentional infliction of emotional distress, negligent infliction of emotional distress and invasion of privacy. To establish a claim for defamation under Massachusetts law, Ferguson must establish defendant Turner published a false statement about him to a third party that caused him economic loss or is actionable without proof of economic loss. White v. Blue Cross and Blue Shield of Mass., Inc., 442 Mass. 64, 66 (2004).

Massachusetts recognizes an absolute litigation privilege which "protects statements made in the institution or conduct of litigation or in conferences and other communications preliminary to litigation[.]" Encompass Ins. Co. of Mass. v. Giampa, 522 F. Supp. 2d 300, 308 (D. Mass. 2007). Thus, "even if the offensive statements are uttered maliciously or in bad faith," the maker of such statements is immune from liability if the statements are made in connection with a judicial proceeding. Taylor v. Swartwout, 445 F. Supp. 2d 98, 103 (D. Mass. 2006) (internal quotation omitted); see also Davidson v. Cao, 211 F. Supp. 2d 264, 275 (D. Mass. 2002) (under Massachusetts law, "statements by a party, counsel or witness in the institution of a judicial proceeding are absolutely privileged provided such statements relate to the proceeding.").

Additionally, Massachusetts recognizes a qualified privilege where "the publisher and recipient share some legitimate mutual interest 'reasonably calculated' to be served by the communication." Singh v. Blue Cross/Blue Shield of Mass., Inc., 308 F.3d 25, 47 (1st Cir. 2002) (citation omitted). This qualified privilege has been recognized in situations where a private citizen reports a crime. See Hutchinson v. New Eng. Tel. & Tel., 350 Mass. 188, 191

(1966).

Here, Ferguson complains of two statements made by defendant Turner. To the extent Ferguson alleges that Turner's June statement in an application for a protective order from the Portland District Court defamed him, it is clear that her statements are subject to absolute privilege. Turner's alleged statements to the court are immune from liability because the statements were made in connection with judicial proceedings. Because of this, all the state law claims against defendant Turner arising from the June statements are subject to dismissal. See Frazier v. Bailey, 957 F.2d 920, 932 (1st Cir.1992) (absolute litigation privilege bars suit for negligence, defamation, intentional infliction of emotional distress). The dismissal of this claim will be without prejudice to Ferguson seeking reconsideration within 35 days of the date of this Memorandum and Order, upon good cause shown, including legal authority and underlying factual support for any defamation claim concerning defendant Turner's statements to the Maine court.

In light of the above, the only remaining claims are those concerning Turner's alleged statement to prison officials in April 2014. These claims survive preliminary screening pursuant to 28 U.S.C. § 1915.

IV. Motion for Appointment of Counsel

Under 28 U.S.C. § 1915, a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The United States Court of Appeals for the First Circuit provides the following set of factors to consider when determining whether to appoint counsel to an indigent under § 1915: "[1] the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; [2] the complexity of the factual and legal issues involved; and [3] the capability of the indigent litigant to present the case." Cookish v.

Cunningham, 787 F.2d 1, 3 (1st Cir. 1986) (*per curiam*); see Bemis v. Kelley, 857 F.2d 14, 16 (1st Cir. 1988). Ultimately, to be eligible for this assistance under 28 U.S.C. § 1915, Ferguson "must demonstrate that [he is] indigent and that exceptional circumstances [are] present such that a denial of counsel [is] likely to result in fundamental unfairness impinging on his due process rights." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). This Court considers the total situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. Id. At this early stage of litigation, the Court cannot find that exceptional circumstances exist that warrant the expenditure of scarce *pro bono* resources.

Accordingly, Ferguson's Motion for Appointment of Counsel is denied without prejudice. Ferguson may file a renewed motion to appointment counsel after the defendant has filed a responsive pleading to the Complaint.

## CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is allowed and the filing fee is assessed pursuant to 28 U.S.C. § 1915(b);

2. Plaintiff's Motion for Appointment of Counsel is denied without prejudice;

3. Plaintiff's claims concerning Turner's alleged statements to the Maine court are DISMISSED *sua sponte*. This dismissal will be without prejudice to Ferguson seeking reconsideration within 35 days of the date of this Memorandum and Order, upon good cause shown, including legal authority and underlying factual support for such claim;

4. Plaintiff's claims concerning statements allegedly made by defendant Turner to prison officials survive summary screening and will be permitted to proceed at this time;

5. The clerk shall issue a summons for service of the Complaint on defendant Turner;

6. The clerk shall send the summons, Complaint, and this Memorandum and Order to the plaintiff, who must thereafter serve the defendant in accordance with Federal Rule of Civil Procedure 4(m). The plaintiff may elect to have service made by the United States Marshal Service. If directed by the plaintiff to do so, the United States Marshal shall

serve the summons, Complaint, and this Memorandum and Order upon the defendant, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States Marshal Service; and

7. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 120 days from the date of the issuance of summons to complete service.

SO ORDERED.

 December 16, 2014                                     /s/ George A. O'Toole, Jr.
DATE                                                          GEORGE A. O'TOOLE, JR.
                                                                     UNITED STATES DISTRICT JUDGE