UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DUNCAN FERGUSON,
         Plaintiff,

        v.                                          CIVIL ACTION NO. 14-14208-GAO

CHERYL TURNER,
         Defendant.

MEMORANDUM AND ORDER

O'TOOLE, D.J.

For the reasons set forth below, the Court denies plaintiff's motion for reconsideration.

**I.    Background**

On November 14, 2014, Plaintiff Duncan Ferguson ("Ferguson"), while an inmate incarcerated at the Old Colony Correctional Center ("OCCC"), filed a defamation complaint against Cheryl Turner, a resident of Bridgton, Maine.

By Memorandum and Order dated December 16, 2014, Ferguson was advised that his defamation claim concerning Turner's alleged statement to correctional officials survived preliminary screening. See Docket No. 7. However, Ferguson's claims concerning Turner's alleged statements to the Maine court were dismissed without prejudice to Ferguson seeking reconsideration. Id. At that time, a summons issued and was mailed with information for service of process by the United States Marshals Service. See Docket No. 8. Rather than arrange for service of process, Ferguson sent a letter to the clerk asking that the court serve a notice of lawsuit on defendant's attorney. See Docket No. 11.

Ferguson filed a timely motion for reconsideration, see Docket No. 12, and subsequently filed an amended complaint. See Docket No. 14. In February, Ferguson filed a notice that he was moved to the Pondville Correctional Center. See Docket No. 15. He subsequently filed supplemental documents as well as a memorandum in support of his motion for reconsideration.

See Docket Nos. 16, 18.  Along with his letter dated May 13, 2015, Ferguson submitted copies of documents revealing his attempts to serve the defendant and/or her attorney.  See Docket Nos. 16-17.

**II.   Discussion**

To the extent Ferguson seeks to overcome the absolute litigation privilege bar to suits for defamation and intentional infliction of emotional distress, he fails to do so because the claims against Turner are based upon statements made in an application for a protective order and other filings with the Maine state court.  Defendant Turner is immune from liability because the statements were made in connection with judicial proceedings.  See Davidson v. Cao, 211 F. Supp. 2d 264, 275 (D. Mass. 2002) (under Massachusetts law, "statements by a party, counsel or witness in the institution of a judicial proceeding are absolutely privileged provided such statements relate to the proceeding."); see also Frazier v. Bailey, 957 F.2d 920, 932 (1st Cir.1992) (absolute litigation privilege bars suit for negligence, defamation, intentional infliction of emotional distress and violation of MCRA).  Thus, the motion for reconsideration is denied.

Additionally, Rule 4(m) of the Federal Rules of Civil Procedure provides a time limit for service.  Rule 4(m) requires dismissal without prejudice if service of the complaint and summons is not made within 120 days after those documents are filed; however, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. (m).  Here, summons issued for service of the original complaint on December 18, 2014, and Ferguson filed his amended complaint on January 22, 2015.  Thereafter, he had 120 days from December 18, 2014, or until about August 18, 2015, to serve it on the defendant. See Fed.R.Civ.P. 4(m).

To date, Ferguson has failed to serve either the complaint or the amended complaint on

defendant Turner. Moreover, in an effort to confirm Ferguson's current address, a clerk of this court contacted the Pondville Correctional Center, the address listed for Ferguson on the court's docket. The clerk was informed that Ferguson was released.[1] He has failed to notify the court of his new address, and perhaps he has lost interest in pursuing this case. Based upon the foregoing, a dismissal without prejudice pursuant to Rule 4(m) is appropriate.

## CONCLUSION

Based on the foregoing it is hereby Ordered that:

1. Plaintiff's Motion for Reconsideration (Docket No. 12) is DENIED;

2. This action is DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

3. The case shall be closed on the Docket of the Court and the Clerk shall mail a copy of this Memorandum and Order to Ferguson's address as listed on the court's docket.

SO ORDERED.


 September 29, 2015             /s/ George A. O'Toole, Jr.
DATE                            GEORGE A. O'TOOLE, JR.
                                UNITED STATES DISTRICT JUDGE

---

[1] No forwarding address was provided and a search of the VINELink website, which provides the custody status of inmates in the custody of the Massachusetts Department of Correction ("DOC"), reveals that Ferguson is no longer in DOC custody. See https://www.vinelink.com/vinelink/searchResultsAction.do?searchType=offender&siteId=20000&lang_value=en&searchWhere=doc&doc=20000%7C1&id=&lastName=ferguson&firstName=duncan&methodToCall=search (last visited 09/25/2015).